**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNIVERSAL TEXTILE MILLS, INC., Respondent.**

**No. 6709.**

United States Court of Appeals
First Circuit.

Heard Feb. 7, 1967.

Decided Feb. 20, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Warren M. Davison and Frank H. Itkin, Attys., N.L.R.B., Washington, D. C., were on brief, for petitioner.

Vicente J. Antonetti, Santurce, P. R., with whom Goldman, Antonetti & Subira, Santurce, P. R., were on brief, for respondent.

Before ALDRICH, Chief Judge, MARIS * and McENTEE, Circuit Judges.

PER CURIAM.

This is, essentially, a run-of-the-mill section 8(a) (3) case in which the National Labor Relations Board concluded that the discharge of two employees had been due to their union activity. Admittedly the Board's witnesses were not of the best, and unfortunately the examiner's report, which was accepted by the Board, offended somewhat our often repeated admonition that the examiner's primary duty is to make specific findings. It is appropriate to recite what various witnesses testified to, but at some point a resolution must be made. It is

* By designation.

not very helpful to say, "We need not credit fully * * * testimony * * * *in haec verba* * * * [of what respondent's manager said with respect to union activities.] But the Union * * * [was clearly in the manager's] mind * * *." Since his mind was disclosed only by what he said, the natural question is, to what extent was credit extended to the witnesses, if not fully?

██ On the other hand, the Board's case is to be measured in the light of respondent's. The examiner found that respondent's "testimony is marked by serious omissions and, to the extent that it was given, was fanciful to an extreme." This observation was well warranted. In such circumstances we will overlook some criticisms of the Board's case which, in all candor, we would not otherwise have done. We think on the record as a whole that the examiner sufficiently found the requisite state of mind on respondent's part.

No useful purpose would be served in discussing the case in any greater detail. An order of enforcement will be made.